UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JONATHAN JAMES,

                Petitioner,                  **MEMORANDUM AND ORDER**

        v.                                              20-CV-280 (RPK) (LB)

SUPERINTENDENT DOLDO,

                Respondent.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Petitioner Jonathan James is serving a state prison sentence for weapons-related charges. Proceeding *pro se*, petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2254. He raises four claims: three involving his state grand jury proceedings and one alleging ineffective assistance of counsel. Since irregularities in state grand jury proceedings are not cognizable under Section 2254(d), and petitioner does not show that the state court ruling rejecting his ineffective-assistance-of-counsel claim ("IAC claim") was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d), the petition is denied.

## BACKGROUND

### I.     The Arrest

      The following facts are taken from the state court record, viewed in the light most favorable to the prosecution. *See Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (per curiam); *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (per curiam).

On October 1, 2015, Police Officer James St. Germain and Sgt. Mike Ward responded to a shooting in Queens. R. Pt. 3, at 6-8 (Dkt. #9-2).[1] The victim, Devin Williams, told the officers that his assailant was dressed in all black, including a black hoodie, and had fled on the Q4 bus. *Id*. at 8. The officers began searching for the bus. *Id*. at 32. Three buses they found were empty and out of service, but on the fourth, approximately a mile and a half from the scene of the shooting, they found petitioner. *Id*. at 9-10, 32, 39. Since petitioner matched the description provided by Mr. Williams, they detained him. *Id*. at 14-15. In his waistband, they discovered a still-warm black Highpoint .40 Smith & Wesson caliber pistol with a spent shell casing lodged in its chamber. *Ibid*.

## II.     Petitioner's Indictment and Conviction

After petitioner's arrest, the Queens District Attorney presented evidence to a grand jury. R. Pt. 1, at 91 (Dkt. #9).

Assistant District Attorney ("ADA") Franchesca Basso elicited testimony from Officer St. Germain, *id*. at 92-103, including testimony concerning the "substance" of the police radio call alerting officers to the shooting and the "substance" of the victim's statements, *id*. at 95:6-14, 98:11-19. As ADA Basso explained, she elicited this testimony "not for the truth of the matter[] but to explain the officer's conduct after receiving the information." *Id*. at 95:6-14, 98:11-19. ADA Basso also elicited testimony from Detective Collin Sparks. *Id*. at 110. At the conclusion of his testimony, ADA Basso told the grand jury that they would "hear additional evidence . . . at a later time." *Id*. at 116:9-11. Petitioner asserts that no further evidence was presented. Reply 5 (Dkt. #12).

---

[1] The record is filed in four sections at docket #9 ("R. Pt.1"), #9-1 ("R. Pt. 2"), #9-2 ("R. Pt. 3"), and #9-3 ("R. Pt. 4"). Page numbers refer to the ECF pagination.

The grand jury indicted petitioner. Petitioner later moved the court to examine the grand jury minutes to assess the sufficiency of the evidence. R. Pt. 1, at 118-19. The court did so and deemed the evidence sufficient. *Ibid*. Afterward, petitioner urged his counsel to renew the motion, and his counsel declined. *Id*. at 142. Since counsel declined to renew the motion, petitioner then moved for reassignment of counsel, which was denied. *Id*. at 120.

Petitioner was subsequently convicted at a bench trial on two counts of second-degree criminal possession of a weapon and one count of third-degree criminal-possession-of-a-weapon. He was acquitted of attempted murder, attempted assault in the first degree, and assault in the second degree. R. Pt. 4, at 190-91 (Dkt. #9-3); Pet. 1.

### III.  Subsequent Proceedings

Petitioner appealed his conviction, raising claims not included in this petition. R. Pt. 1, at 25-34. The appeal was denied. *People v. James*, 166 A.D.3d 1011 (2d Dept 2018), *leave to appeal denied*, 122 N.E.3d 1113 (2019). Petitioner then filed a motion to vacate his conviction under New York Criminal Procedure Law § 440.10. R. Pt. 1, at 85-90. In his Section 440.10 motion, petitioner argued that (i) the evidence before the grand jury was insufficient to establish the elements of the charges brought against him, (ii) the prosecutor engaged in misconduct at the grand jury proceeding by soliciting hearsay testimony and obtaining charges despite the insufficiency of the evidence, and (iii) he suffered from ineffective assistance of counsel because his attorney failed to renew a motion to inspect the grand jury minutes and have the indictment dismissed. *Ibid*. The trial court denied petitioner's Section 440.10 motion, finding that his insufficiency-of-evidence claim was not adequately alleged, and that this claim and the prosecutorial-misconduct claim were procedurally barred. *Id*. at 146-47. The trial court also rejected the IAC claim on the merits. *Id*. at 147-48.

After the Appellate Division denied petitioner leave to appeal the Section 440.10 ruling, he filed this petition. *People v. James*, Slip Op. No. 2019-13127 (U), 2019 WL 7182813 (N.Y. App. Div. Dec. 26, 2019); *see* Pet. The petition contains three claims concerning the state grand jury proceeding: (i) that ADA Basso engaged in prosecutorial misconduct at the proceeding by eliciting hearsay testimony and promising testimony that was not provided, (ii) that hearsay evidence was improperly offered at the proceeding, and (iii) that the evidence was not sufficient to support the indictment. Pet. 5-9. The petition also includes (iv) an IAC claim, alleging that petitioner's counsel should have renewed the motion to inspect the grand jury minutes, even though the trial court had already inspected the minutes once on petitioner's motion and found them sufficient. *Id*. at 9-10.

## STANDARD OF REVIEW

A person in custody pursuant to a state judgment may seek a writ of habeas corpus on the ground that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The scope of federal review of a claim depends on whether the claim was "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009). If the claim was adjudicated on the merits by a state court, the district court may grant the habeas application only if the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "if the state

4

court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Supreme Court's result. *Bell v. Cone*, 543 U.S. 447, 452-53 (2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court's decision "involved an unreasonable application of" Supreme Court precedent if there is "no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 100, 102 (2011).

A determination that a state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), requires more than that a federal court conducting habeas review "would have reached a different conclusion in the first instance," *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)) (internal quotation omitted). "[I]f reasonable minds reviewing the record might disagree about the finding in question, on habeas relief, that does not suffice to supersede the trial court's determination." *Id*. at 314 (brackets, ellipses, and internal quotation omitted). But state court findings "might represent an 'unreasonable determination of the facts' where, for example, reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, or where the court ignored highly probative and material evidence." *Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013) (internal citation and quotations omitted).

These standards are "intentionally difficult to meet," *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quotations omitted) (citing *White v. Woodall*, 572 U.S. 415, 418 (2014)), because federal habeas review is "a 'guard against extreme malfunctions in the state criminal justice systems,'" rather than "a means of error correction," *Greene v. Fisher*, 565 U.S. 34, 43 (2011) (quoting *Harrington*, 562 U.S. at 102-03).

As with all *pro se* submissions, habeas submissions by a *pro se* litigant are "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotations omitted).

## DISCUSSION

Petitioner's grand jury claims are not cognizable under Section 2254. And petitioner has not shown that the trial court's rejection of his IAC claim was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, the petition is denied.

**I.**     **Petitioner's Grand Jury Claims Are Not Cognizable**

Petitioner's grand jury claims provide no basis for relief. "Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court." *Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002); *see Davidson v. Cunningham*, No. 16-CV-1125 (JFB), 2017 WL 3738560, at *23 (E.D.N.Y. Aug. 29, 2017) (collecting cases). Grand jury proceedings ensure that a defendant will not have to "defend [himself] against a charge for which there is no probable cause to believe him guilty." *United States v. Mechanik*, 475 U.S. 66, 70 (1986). Since a guilty verdict establishes that the defendant is, in fact, "guilty as charged beyond a reasonable doubt," that verdict renders any error in a grand jury proceeding "harmless beyond a reasonable doubt." *Ibid*. Therefore, "claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court." *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989).

This rule holds whether petitioner asserts errors in a grand jury proceeding arising from prosecutorial misconduct, *United States v. Carneglia*, 675 F. App'x 84, 86 (2d Cir. 2017), hearsay testimony, *Diaz v. Bell*, No. 21-CV-5452 (LGS) (JLC), 2022 WL 1260176, at *11 (S.D.N.Y. Apr.

6

28, 2022), or insufficient evidence, *Bruno v. Coveny*, No. 18-CV-1522 (AMD), 2020 WL 1812460, at *2 (E.D.N.Y. Apr. 9, 2020). Even assuming they occurred, "[e]ach of these alleged improprieties was cured in the trial" where petitioner was "convicted." *Lopez*, 865 F.2d at 33.

Finally, while petitioner complains that respondent has not served him with the full grand jury minutes, *see* Reply 9 [(dkt#], petitioner has not shown an entitlement to those documents. Under Rule 6 of the Rules Governing Section 2254 Cases, discovery is only available for "good cause." To show "good cause," a petitioner must offer "specific allegations" that give "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (ellipses in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Since petitioner's claims arising from the state grand jury proceeding are categorically foreclosed, *Lopez*, 865 F.2d at 32, he has not shown how the grand jury minutes may demonstrate an "entitle[ment] to relief," *Bracy*, 520 U.S. at 908-09 (quotations omitted), and therefore is not entitled to discovery of them.[2]

## II.     The IAC Claim Fails

Since petitioner has not demonstrated that the state court's rejection of his IAC claim was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court," or "was based on an unreasonable determination of the facts

---

[2] Petitioner also suggests that failure to produce a copy of the grand jury minutes and the indictment could constitute a *Brady* violation. Reply 9 [(dkt#]. As this claim appears for the first time only in the reply brief, it is not properly before the Court and is thus disregarded. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases (stating that a habeas petition "must . . . specify *all* the grounds for relief available to the petitioner" (emphasis added)); *Silvestre v. Capra*, No. 15-CV-9425 (KPF) (DCF), 2018 WL 3611988, at *31 n.27 (S.D.N.Y. July 27, 2018); *Ennis v. Artus*, No. 09-CV-10157, 2011 WL 3585954, at *19 (S.D.N.Y. Aug. 12, 2011) (collecting cases), *report and recommendation adopted*, 2012 WL 3957046 (Sept. 10, 2012). Moreover, "[a]s a matter of law, mere speculation by a defendant that the government has not fulfilled its obligations under *Brady v. Maryland*, is not enough to establish that the government has, in fact, failed to honor its discovery obligations." *Halloran v. United States*, No. 13-CR-297 (KMK), 2020 WL 589410, at *14 (S.D.N.Y. Feb. 6, 2020) (quoting *United States v. Upton*, 856 F. Supp. 727, 746 (E.D.N.Y. 1994)) (collecting cases). Evidence need only be produced under *Brady* "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," *United States v. Bagley*, 473 U.S. 667, 682 (1985) (quotations omitted), and mere speculation that the remainder of the grand jury minutes or the indictment might include exculpatory evidence is not enough to sustain a *Brady* claim.

in light of the evidence presented in the State court proceeding," 28 U.S.C. 2554(d), this claim does not establish a right to relief either.

To establish an IAC claim, a petitioner must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  The review of an attorney's performance, already "highly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quotations omitted), becomes "doubly" so on habeas review when "a state court has [already] decided that counsel performed adequately," *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021) (per curiam) (quotations omitted).  In this context, a petitioner must not only satisfy *Strickland*'s requirements, *Knowles*, 556 U.S. at 124, but he must also show that the state court's ruling was unreasonable, *id*. at 123.

Petitioner's claim fails both parts of *Strickland*'s test.  To satisfy *Strickland*'s first prong, a petitioner "must show that counsel's representation 'fell below an objective standard of reasonableness' determined according to 'prevailing professional norms.'"  *Murden v. Artuz*, 497 F.3d 178, 198 (2d Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).  This evaluation is made "from counsel's perspective at the time of and under the circumstances of trial."  *Ibid*.  Because review of IAC claims in the habeas context is "doubly deferential," *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)), counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *ibid*. (quoting *Burt v. Titlow*, 571 U.S. 12, 22 (2013)).

On this record, the state court's rejection of petitioner's IAC claim was not unreasonable. Counsel represented petitioner vigorously, making a variety of pretrial motions, moving for a

8

directed verdict, crossing the prosecution's witnesses, objecting to the prosecution's questions, asking for adverse inferences, making a full closing argument, and securing acquittal on three charges. R. Pt. 1, at 118; R. Pt. 3, at 12-13, 14, 15, 26-65; R. Pt. 4, at 150, 156-57, 163-76, 191. Counsel's decision not to expend trial resources on renewing an already denied motion fails to establish an IAC claim. "As a general rule, a habeas petitioner will be able to demonstrate that trial counsel's decisions were objectively unreasonable only if 'there [was] no . . . tactical justification for the course taken.'" *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir. 2006) (quotations omitted and ellipses in original); *see Cullen*, 563 U.S. at 191 (2011). Therefore, "[a]n attorney can avoid activities that appear 'distractive from more important duties.'" *Harrington*, 562 U.S. at 107 (quoting *Bobby v. Van Hook*, 558 U.S. 4, 11 (2009) (per curiam)). Since counsel could reasonably have determined that renewing this motion would distract from more important duties, the decision not to renew it does not establish that petitioner's representation was ineffective. *See, e.g.*, *Moore v. Att'y Gen. of N.Y.*, No. 17-CV-0474 (JFB), 2019 WL 3717580, at *10 (E.D.N.Y. Aug. 7, 2019) (failure to renew motion to inspect grand jury minutes "was not ineffective" based on the totality of the record); *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (failure to make a meritless motion does not qualify as ineffective assistance of counsel).

The fact that petitioner disagreed with counsel's strategy, *see* Pet. 9-10,[3] does not render counsel's performance ineffective either. IAC claims are evaluated "objectively," *Lynn*, 443 F.3d

---

[3] Petitioner appears to reference the motion for reassignment to show that his counsel's alleged error in failing to renew the motion to inspect was obvious at the time and that petitioner sought diligently to rectify it. *See* Pet. 9-10 (listing the motion for reassignment in "[s]upporting facts" section of the IAC claim, not as a fifth ground for habeas relief). To the extent that he seeks to invoke the denial of reassignment as a separate ground for relief, that claim is procedurally barred. Section 440.10 bars review of claims a petitioner could have raised on direct review but did not. *See Morrison v. Brown*, No. 11-CV-3366 (KAM), 2019 WL 267190, at *6 (E.D.N.Y. Jan. 18, 2019) (Section 440.10 is a valid procedural bar to federal habeas review) (collecting cases). The state court concluded on collateral review that Section 440.10 applies to this claim. *See* R. Pt. 1, at 147 (Decision & Order) (holding that Section 440.10 barred relief on "each" of petitioner's claims); *id*. at 120 (State's Affirmation in Opposition to Defendant's Motion to Vacate Judgment) (discussing denial of reassignment motion); *id*. at 142 (Rebuttal in Response to People's Opposition of

at 247 (quotations omitted), from "counsel's perspective," *Murden*, 497 F.3d at 198, and not from petitioner's. Counsel was "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington*, 562 U.S. at 107; *see United States v. Rosemond*, 958 F.3d 111, 122 (2d Cir. 2020) (noting that "'strategic disputes'" over how to obtain acquittal do "not implicate[]" a client's "right to autonomy" (quoting *McCoy v. Louisiana*, 138 S. Ct. 1500, 1510 (2018)); *United States v. Plitman*, 194 F.3d 59, 63 (2d Cir. 1999) (counsel has control over pre-trial motions). On these facts, it was not unreasonable for the state court to reject petitioner's IAC claim.

Nor does petitioner establish *Strickland*'s second prong, prejudice. To establish prejudice, petitioner must both show (i) that "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, and (ii) that the trial court's finding that he was not prejudiced was "unreasonable," *Knowles*, 556 U.S. at 123. Petitioner has not met this burden. Given that the grand jury minutes had already been inspected once and found adequate, "[t]here is no basis to conclude that a motion to reinspect would have been granted or that, if granted, it would have led to dismissal of the indictment."

---

Defendant's Motion to Vacate Judgment) (same). Therefore, this claim is subject to a valid procedural default. *See Cone v. Bell*, 556 U.S. 449, 465 (2009). Moreover, even if petitioner had not raised his reassignment claim on collateral attack, the claim would still be procedurally barred since it was not raised on direct appeal. *See Aparicio*, 269 F.3d at 90-91 (explaining that since New York law permits "one (and only one) appeal," a district court can determine that even unraised claims are procedurally barred if not included in that appeal).

Nor has petitioner established a basis to surmount that procedural default. A procedural default can be overcome by showing either "cause for the default and actual prejudice" or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). But the only argument petitioner raises against Section 440.10's bar is that the New York statute governing direct appeals, Section 210.30, prohibits challenges to "the sufficiency of grand jury evidence . . . on direct appeal," Reply 3 (quoting N.Y. Crim. Proc. Law § 210.30(6)), compelling a defendant to wait until collateral review to raise such claims. Regardless of the merits of this argument as applied to petitioner's state grand jury claims, he gives no reason to think that Section 210.30 prevents the review of the denial of a reassignment motion on direct appeal. Nor does he cite any other "objective factor external to the defense" that prevented him from raising this claim on direct appeal. *Coleman*, 501 U.S. at 753 (quotations omitted). As such, petitioner does not establish cause for his default. Nor does he establish that failure to consider the claim will result in a fundamental miscarriage of justice, since he has not submitted materials showing actual innocence. *Murray v. Carrier*, 477 U.S. 478, 495-97 (1986) (invoking the fundamental-miscarriage-of-justice exception requires a showing of actual innocence).

*Moore*, 2019 WL 3717580, at *10.  Therefore, the trial court's ruling can hardly be said to be "unreasonable." *Knowles*, 556 U.S. at 123.  Moreover, petitioner's subsequent conviction further confirmed that he was not prejudiced by the failure to challenge the grand-jury proceedings, since the trial judge's guilty verdict established beyond a reasonable doubt that petitioner committed the crimes of which he had been convicted.  *See Moore*, 2019 WL 3717580, at *10 (citing *Dixon v. McGinnis*, 492 F. Supp. 2d 343, 348 (S.D.N.Y. 2007)).

In short, the IAC claim also lacks merit.

## CONCLUSION

For the foregoing reasons, the petition is denied.  Since the petition does not show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is also denied.  The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: August 1, 2022
      Brooklyn, New York